DA 10-0064

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 257N

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

      Plaintiff and Appellee,

  v.

KELLY J. PATRICK, ANTIONETTE M. PATRICK,

      Defendants and Appellants.

APPEAL FROM:   District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DV 08-10960
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Kelly and Antoinette Patrick (self-represented litigants); Clancy, Montana

      For Appellee:

          Charles J. Peterson, Mackoff Kellogg Law Firm; Dickinson, North Dakota

          Submitted on Briefs:  October 6, 2010

          Decided:  December 7, 2010

Filed:

          _____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The following summary of the procedural history is based on the briefs and the skeletal record before us. Federal National Mortgage Association (FNMA) brought this suit in the District Court to evict Kelly and Antoinette Patrick (the Patricks) and quiet title to the subject property.

¶3 FNMA moved for summary judgment and argued that there was no question that Citimortgage, Inc. had obtained title to the property through a foreclosure sale in 2006 and that Citimortgage, Inc. had then deeded the property to FNMA.

¶4 The Patricks contend that FNMA has not held title to the property since the foreclosure sale and that the foreclosure sale did not actually take place, or, if it did, the sale was defective.

¶5 The District Court concluded that the Patricks had not supported their contentions. The minutes of the summary judgment hearing indicate that FNMA "provided trustees [sic] deed and grant deed and advised that it was recorded in the Jefferson County Clerk and Recorder's Office on July 13, 2006." The District Court took judicial notice of the

2

documents referenced by FNMA and concluded that FNMA had an interest in the property sufficient to maintain the action for eviction.

¶6 On appeal, the Patricks continue to argue, albeit in a confusing fashion, that FNMA did not establish title in its name and thus was not entitled to summary judgment.

¶7 Although the District Court took judicial notice of certain documents, it appears that the documents were not offered or introduced into evidence. Further, in their briefs on appeal, the parties do not cite to the record in support of their respective positions.

¶8 When the record on appeal is inadequate to demonstrate that the moving party has established no genuine issue of material fact, the summary judgment must be reversed and the case remanded. *Nichols v. Corntassel*, 258 Mont. 173, 179, 852 P.2d 583, 586-87 (1993). A party arguing for summary judgment may not rely upon mere allegations in pleadings and has an affirmative duty to respond by affidavit or sworn testimony with specific facts. *Id.* (citing *Drug Fair Northwest v. Hooper Enters., Inc.*, 226 Mont. 31, 733 P.2d 1285, 1287 (1987)). In *Nichols*, we determined that the appropriate test for summary judgment is that the movant must (1) show the absence of any genuine issue of material fact, and (2) show that this set of facts entitles him to a judgment as a matter of law. *Id.* at 178. Furthermore, all reasonable inferences that may be drawn from the offered proof are to be drawn in the favor of the non moving party. *Id.* Although the parties in *Nichols* referenced various depositions in their briefs, none of those depositions were before the Court. *Id.* at 179. Because the parties had not met the initial burden, we remanded the case to the district court. *Id.* *See also Hereford v. Hereford*, 183 Mont.

3

104, 109, 598 P.2d 600, 603 (1993) (where we reversed a motion granting summary judgment based on an inadequate record on appeal).

¶9      Here, where there are no documents in the record evidencing the chain of title, we are unable to review the threshold issue as to whether FNMA was the title holder and thus had standing to maintain an action to evict the Patricks.

¶10     Accordingly, the summary judgment is reversed and this matter is remanded to the District Court for further proceedings consistent herewith.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS